UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW DWYER,

Plaintiff,

-against-

CARLTON MANAGEMENT NY LLC,

Defendant.

26-CV-8412 (JGLC)

**NOTICE OF INITIAL PRETRIAL CONFERENCE**

JESSICA G. L. CLARKE, United States District Judge:

This case has been assigned to me for all purposes. Pursuant to the Southern District of New York's Third Amended Standing Administrative Order of September 2, 2025 regarding employment discrimination cases, see 11-mc-3, this case will be designated for automatic referral under the Court's existing Alternative Dispute Resolution program of mediation after the answer is filed. In addition, initial discovery in this case shall be conducted in accordance with the Pilot Discovery Protocols for Counseled Employment Cases.

IT IS HEREBY ORDERED that if the Southern District mediation process is unsuccessful, counsel for all parties shall appear for an initial pretrial conference with the Court on **January 5, 2027,** at **11:00 a.m**. The conference will be held remotely by Microsoft Teams. Counsel will receive Microsoft Teams log-in credentials at the email addresses listed on the docket. The public listen-only line may be accessed by dialing: 646-453-4442 | Access Code: 441546267#.

All counsel must familiarize themselves with the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jessica-g-l-clarke. All parties are required to register promptly as filing users on ECF.

Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 4(c) of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **December 29, 2026**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://nysd.uscourts.gov/hon-jessica-g-l-clarke.

The joint letter shall not exceed five pages, and shall provide the following information in separate paragraphs:

(1) A statement indicating whether the parties believe they can do without an initial pretrial conference altogether. If so, the Court may enter a case management plan and scheduling order and the parties need not appear;

(2) A brief statement of the nature of the action and the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(3) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;

(4) A statement of all existing deadlines, due dates and/or cut-off dates;

(5) A brief description of any outstanding motions;

(6) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(7) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date and the new date requested; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent; and (6) to the extent applicable, the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules and Practices to that party personally.

Dated: September 29, 2026
White Plains, New York

SO ORDERED.

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge